United States District Court
Southern District of Texas

**ENTERED**

March 25, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTIONE MOORING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-4852 |
| | § | |
| WAL-MART TRANSPORTATION, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Antione Mooring("Plaintiff") brought this action against Wal-Mart Transportation, LLC ("Defendant") in the 125th Judicial District of Court of Harris County, Texas, on September 5, 2025, alleging negligence.[1]  Defendant removed the action to this court.[2] Pending before the court is Plaintiff's Opposed Motion for Leave to File First Amended Complaint ("Plaintiff's Motion to Amend") (Docket Entry No. 14), which seeks to add Austin Lestage as an individual defendant.[3]  For the reasons stated below, Plaintiff's Motion to Amend will be denied.

---

[1]Plaintiff's Original Petition and Request for Disclosure ("Original Petition"), Exhibit 2 to Defendant's Notice of Removal, Docket Entry No. 1-2, pp. 1, 5, 6-7.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Defendant's Notice of Removal, Docket Entry No. 1.

[3]Plaintiff's Motion to Amend, Docket Entry No. 14, p. 1.

## I.  Background

Plaintiff alleges that on or about December 13, 2024, while he was driving through the parking lot of the Wal-Mart store located at 4554 Oscar Nelson Junior Drive, Baytown, Texas, the right side of his truck was struck by a Wal-Mart truck.[4]  On September 5, 2025, Plaintiff brought this action against Defendant in the 125th Judicial District Court of Harris County, Texas, alleging negligence.[5]

On October 10, 2025, Defendant removed the action to this court based on diversity jurisdiction.[6]  Between November 7, 2025, and November 10, 2025, the parties filed a joint discovery plan and their initial disclosures.[7]  On November 10, 2025, the court entered a docket control order, which required motions to amend the pleadings and motions to add new parties to be filed by February 13, 2026.[8]  On January 21, 2026, and February 23, 2026, Defendant filed supplemental disclosures.[9]

---

[4]Original Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 6.

[5]Id. at 1, 5, 6-7.

[6]Notice of Removal, Docket Entry No. 1, p. 2.

[7]Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure ("Joint Discovery/Case Management Plan"}, Docket Entry No. 8; Defendant's Notice of Initial Disclosures ("Defendant's Initial Disclosures"), Docket Entry No. 9; Plaintiff's Initial Disclosures, Docket Entry No. 10.

[8]Docket Control Order, Docket Entry No. 12, p. 1.

[9]Defendant's Notice of Initial Disclosures ("Defendant's Initial Disclosures"), Docket Entry No. 13; Defendant's Notice of
(continued...)

On February 13, 2026, Plaintiff filed his Motion for Leave to Amend, which seeks to add Austin Lestage, the Wal-Mart truck driver, as an individual defendant.[10]   On February 23, 2026, Defendant filed a motion opposing Plaintiff's Motion to Amend, arguing that 28 U.S.C. § 1447(e) and the Hensgens factors weigh against granting Plaintiff's Motion to Amend.[11]

## II.  Legal Standard

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case 'more closely than an ordinary amendment.'"  Moore v. Manns, 732 F.3d 454, 456 (5th Cir. 2013) (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)).  "In deciding whether to allow leave to amend, a court should consider several factors, including 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether

---

[9](...continued)
Second Supplemental Disclosures ("Defendant's Second Supplemental Disclosures"), Docket Entry No. 16.

[10]Plaintiff's Motion to Amend, Docket Entry No. 14, p. 1.

[11]Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint ("Defendant's Response"), Docket Entry No. 15, pp. 3-4 ¶¶ 9-10.

-3-

plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'"  Id. (quoting Hensgens, 833 F.2d at 1182).

### III.  Analysis

After this action was removed Plaintiff moved to amend the complaint to add Lestage as a defendant.[12]  Because both Plaintiff and Lestage are citizens of Texas, diversity would be defeated if Plaintiff is allowed to amend.[13]  Accordingly, the court will apply 28 U.S.C. § 1447(e) and the Hensgens-factor analysis to determine whether Plaintiff's Motion to Amend should be granted.

### A.   Purpose of the Amendment

The first Hensgens factor is the "extent to which the purpose of the amendment is to defeat federal jurisdiction." Hensgens, 833 F.2d at 1182.  "This factor has been described as the most important factor. . . ." Ekberg v. Polytec Inc., 1:24-CV-284-DII, 2024 WL 2933421, at *2, (W.D. Tex. June 11, 2024).  When evaluating the first Hensgens factor, "courts within the Fifth Circuit frequently look at whether the plaintiff knew the identity of the party to be joined and the facts underlying the claim against that party when filing the original complaint." Irigoyen v. State Farm

---

[12]First Amended Complaint and Jury Demand ("First Amended Complaint"), Exhibit 1 to Plaintiff's Motion to Amend, Docket Entry No. 14-1, p. 1.

[13]Id. at 1-2 ¶¶ 1-3.

Lloyds, No. CA-C-03-324-H, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004).  "'[W]hen the plaintiff knew about the nondiverse party's activities at the time the suit was originally brought in state court but still chose not to include that party as an original defendant, courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity.'"  Id. (quoting In re Norplant Contraceptive Products Liability Litigation, 898 F.Supp. 433, 435 (E.D. Tex. 1995)).

Courts within the Fifth Circuit have held that a plaintiff's request to add an employee to a negligence suit based on the theory of respondeat superior after removal "raises an inference that [the plaintiff]'s purpose in seeking [the] amendment is to defeat jurisdiction."  Ekberg, 2024 WL 2933421, at *3; see also Randolph v. Avis Budget Car Rental, LLC, Civil Action No. H-17-3638, 2018 WL 1932656, at *1 (S.D. Tex. Apr. 23, 2018).  Although Plaintiff argues that he did not become aware of Lestage's identity until Defendant confirmed he was the driver on January 21, 2026,[14] Plaintiff knew when he  filed suit in state court that an employee of the Defendant "was driving the truck that hit [him]." Randolph, 2018 WL 1932656, at *1.  Additionally, he "alleged that [Defendant] was liable for the negligent actions of its driver." Id.  Despite

---

[14]Plaintiff's Motion to Amend, Docket Entry No. 14, p. 2. Defendant argues that it disclosed Lestage's identity in the initial disclosures it filed on November 10, 2026.  Defendant's Response, Docket Entry No. 15, p. 4 ¶ 12.

-5-

this knowledge, Plaintiff "did not include the driver as an unknown or John Doe defendant, nor did [he] assert any claims against the unknown employee." Id.; see also Ekberg, 2024 WL 2933421, at *3.

Because Plaintiff delayed joining Lestage until after removal, the court finds that Plaintiff's purpose in seeking the amendment is to defeat jurisdiction. Id.; Ekberg, 2024 WL 2933421, at *3. The first Hensgens factor therefore weighs against granting Plaintiff's Motion to Amend.

## B.   Plaintiff's Delay

The second Hensgens factor is "whether plaintiff has been dilatory in asking for amendment." Hensgens, 833 F.2d at 1182. "In addressing the second Hensgens factor, courts look to (i) the amount of time between the original state court action and the request to amend, and the time between removal and the request; and (ii) the state of the proceedings at the time of the amendment." Agyei v. Endurance Power Products, Inc., 198 F.Supp.3d 764, 776 (S.D. Tex. 2016).

Here, Plaintiff filed his Motion to Amend on February 13, 2026, over five months after he filed his Original Petition and four months after Defendant removed. Courts have found longer periods to not be dilatory. Ruiz v. Rosendin Electric, Inc., Civil Action No. 4:23-CV-2370, 2023 WL 8788775, at * 3 (S.D. Tex. Dec. 18, 2023) (finding that the plaintiff was not dilatory when his amended complaint was filed seven months after the state court suit was filed and five months after the notice of removal); see

-6-

also Lowe v. Singh, Civil Action No. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (finding that the plaintiff was not dilatory when his amended complaint was filed six months after the state court suit was filed and 30 days after the notice of removal); McNeel v. Kemper Casualty Insurance Co., No. Civ.A. 3:04-CV-0734, 2004 WL 1635757, at *3 (N.D. Tex. July 21, 2004) (finding that the plaintiff was not dilatory when his amended complaint was filed five months after the state court suit was filed and six weeks after the notice of removal).  Moreover, although the court has scheduled pretrial dates,[15] "'no significant activity beyond the pleadings has occurred.'"[16]  Agyei, 198 F.Supp.3d at 776 (quoting Gallegos v. Safeco Insurance Co. of Indiana, No. 09-CV-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).  Therefore, the second factor weighs in favor of granting Plaintiff's Motion to Amend.

## C.    Prejudice to Plaintiff

The third Hensgens factor is "whether plaintiff will be significantly injured if amendment is not allowed."  Hensgens, 833 F.2d at 1182.  "Courts analyzing the third Hensgens factor look to (i) whether the already named diverse defendant would be unable to satisfy a future judgment, and (ii) whether the possibility of a

---

[15]Docket Control Order, Docket Entry No. 12.

[16]The parties have only filed a joint discovery plan and their initial disclosures.  Joint Discovery/Case Management Plan, Docket Entry No. 8; Defendant's Initial Disclosures, Docket Entry No. 9; Plaintiff's Initial Disclosures, Docket Entry No. 10; Defendant's Initial Disclosures, Docket Entry No. 13; Defendant's Second Supplemental Disclosures, Docket Entry No. 16.

separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings or because such proceedings would place a financial burden on the plaintiff." Agyei, 198 F.Supp.3d at 777.

Plaintiff has not argued that Defendant would be unable to satisfy a future judgment; and there is no indication that Defendant could not satisfy a judgment in this case, "especially considering that [Defendant] is one of the largest companies in the world."[17]

Moreover, "[u]nder Texas law, employees may be held individually liable in negligence suits 'only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.'" Ruiz, 2023 WL 8788775, at *3 (quoting Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996)). Because Plaintiff does not allege that Lestage owes him an independent duty,[18] there is not a possibility of separate state court proceedings in this case. Id. at *4 (finding that the third factor weighed against amendment because "Texas law does not allow Plaintiff to bring individual claims against the employees"). Therefore, the third factor weighs against granting Plaintiff's Motion to Amend.

_____

[17]Defendant's Response, Docket Entry No. 15, p. 7 ¶ 20.

[18]First Amended Complaint, Exhibit 1 to Plaintiff's Motion to Amend, Docket Entry No. 14-1, p. 6 ¶¶ 15-16 (alleging ordinary negligence).

-8-

## D.   Other Factors Weighing on the Equities

"The fourth Hensgens factor requires courts to analyze other equitable factors."   Agyei, 198 F.Supp.3d at 776.   "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum . . . and whether denying leave to amend would result in parallel state court proceedings . . . these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant." Id.   Because "[t]hose factors have already been analyzed in considering the first three Hensgens factors" and "[b]ecause neither party points to additional equitable factors beyond these considerations, the fourth Hensgens factor is neutral."   Id.

## IV.   Conclusion and Order

Although the second Hensgens factor weighs slightly in favor of granting Plaintiff's Motion to Amend, the first factor, which is the most important factor, and the third factor weigh heavily against granting Plaintiff's Motion to Amend.   The court concludes that the balance weighs against granting Plaintiff's Motion to Amend.   Accordingly, Plaintiff's Opposed Motion for Leave to File First Amended Complaint (Docket Entry No. 14) is **DENIED**.

**SIGNED** at Houston, Texas, on this 25th day of March, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-9-